27531. KRAEMER et al. v. DeKALB COUNTY et al.

ARGUED OCTOBER 11, 1972—DECIDED DECEMBER 4, 1972—
REHEARING DENIED DECEMBER 18, 1972.

*Haas, Holland, Levison & Gibert, Hugh W. Gibert,* for appellants.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellees.

MOBLEY, Chief Justice. Henry C. Kraemer and Joseph Vandegriff appeal from an order which denied them an interlocutory injunction against DeKalb County and named officials thereof; and granted an interlocutory injunction to the appellees against the appellants, enjoining the appellants from maintaining a driveway from their property into Woodridge Drive.

The appellants brought a complaint seeking injunction and other relief against the appellees, alleging that: The appellants have constructed a building and other improvements on property owned by them located on the corner of the Lawrenceville Highway and Woodridge Drive, relying

on the approval by the DeKalb County Planning Board of plans submitted by the appellants to them. The appellees now contend that the building permit was issued by mistake in that the appellants are not entitled to an entrance on Woodridge Drive. The appellees have refused to issue a certificate of occupancy to the appellants, and have threatened to prohibit utility companies from servicing the premises, and to institute prosecutions against them, unless they eliminate the driveway into Woodridge Drive.

By counterclaim the appellees sought to enjoin the appellants from maintaining a driveway from their property into Woodridge Drive.

Prior to the date the appellants acquired their property, it had been rezoned from a multiple residential district to a local commercial district, with certain conditions, one of these being that there would be no entrance or exit at Woodridge Drive. In order for the appellants to construct the improvements planned by them, it was necessary that they obtain certain variances from the zoning ordinance applicable to the premises, and appellant Kraemer filed a variance application with the DeKalb County Board of Zoning Appeals. After consultation with the appellants and adjoining property owners who were protesting the variances, the Senior Planner for the DeKalb Planning Commission wrote the appellants' engineer and one of the protesting landowners, proposing certain recommendations with respect to the variance application. These recommendations did not refer to the exit to Woodridge Drive. The Board of Zoning Appeals accepted these recommendations and approved the variance application. Thereafter the appellants applied for a building permit. This application was accompanied by a plat of the proposed improvements, which showed a proposed driveway into Woodridge Drive. These plans were approved by the Department of Planning, and a building permit was issued on December 28, 1971. About March 6, 1972, appellant Vandegriff was orally informed by appellee Warren that there had been an error and the driveway should not have been allowed. At that time

the curb had been cut and the driveway was ready for the concrete to be poured. The appellants proceeded to pour the concrete. When written notification was made, on March 14, 1972, that the construction of the driveway was not authorized, it was in use.

The evidence was in conflict on the question of the good faith of the appellants in relying on the building permit and the approval of their building plans showing the exit on Woodridge Drive. The exit was specifically prohibited in the rezoning ordinance which rezoned the property to a local commercial district, and the grant of variance did not change this prohibition.

In *Springtime, Inc. v. Douglas County,* 228 Ga. 753, 755 (187 SE2d 874), cited by the appellants, the owner of a mobile home park, which was in existence prior to the zoning of the area for single-family residences, applied for, and was issued, a building permit to extend his park. Pursuant to the permit, the owner spent in excess of $100,000 in the development of his park. This court held that Douglas County was not entitled to an injunction against the owner, on the principle that: "A party is not entitled to an injunction when, with full knowledge of his rights, he has been guilty of delay and laches in asserting them, and has negligently suffered large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction." P. 757.

The *Springtime* case is not in point on its facts with the present case. DeKalb County is not attempting to prevent the appellants from utilizing their building and improvements, except for the driveway to Woodridge Drive. They have an exit to Lawrenceville Highway and are not prevented from pursuing their business. There was no evidence that any large expenditure of money had been made in constructing the driveway, and no evidence that would authorize a finding that the appellants will be irreparably harmed by not having access to Woodridge Drive until a jury can determine the issues in the case. The trial judge did not order a destruction of the driveway, but only an

obstruction across it to prevent its use.

The trial judge made no ruling on the contention of the appellants that they have a constitutional right of access to Woodridge Drive which may not be denied them without the payment of just compensation, and thus this question is not decided in this opinion.

The trial judge did not abuse his discretion in granting an interlocutory injunction to the appellees, and denying interlocutory relief to the appellants.

*Judgment affirmed. All the Justices concur.*